FILED
CLERK

9/29/2017 4:13 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NELSON A. GUZMAN,

                      Petitioner,

          -against-

JAMIE LAMANNA, Superintendent,

                      Respondent.
------------------------------------------------------------X

ORDER
17-CV-05424 (JMA)

**AZRACK, District Judge:**

## I.     Introduction

      On September 13, 2017, <u>pro se</u> petitioner Nelson A. Guzman ("petitioner") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to for the appointment of <u>pro bono</u> counsel in this case.  Plaintiff alleges that he was convicted of murder in the second degree and assault in the first degree on October 1, 1999 and that his state court appeal, affirming the judgment of conviction, became final on March 29, 2004.  (<u>See</u> Pet. ¶¶ 1, 5, 9(g)(4)).  For the reasons set forth below, petitioner's application for the appointment of <u>pro bono</u> counsel is denied.

## II.    Discussion

      "[T]here is no constitutional right to representation by counsel in habeas corpus proceedings . . . ." <u>United States v. Yousef</u>, 395 F.3d 76, 77 (2d Cir. 2005) (<u>per curiam</u>) (internal quotations marks and citation omitted); <u>see also</u> <u>Wright v. West</u>, 505 U.S. 277, 293 (1992) (recognizing that the Constitution does not guarantee the right to counsel on habeas review). Appointment of counsel in habeas corpus proceedings is governed by 18 U.S.C. § 3006A(a)(2)(B), which provides in relevant part that whenever the district court "determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is

seeking relief under section . . . 2254 . . . of title 28." 18 U.S.C. § 3006A(a)(2)(B). "Although Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts . . . provide that an attorney must be appointed for a petitioner who otherwise qualifies to have counsel appointed under § 3006A '[i]f necessary for effective discovery' and '[i]f an evidentiary hearing is warranted,' respectively, the appointment of counsel at any other stage of a habeas corpus proceeding is discretionary." See Villafane v. Artus, No. 09-CV-5545, 2011 WL 6835029, *27 (E.D.N.Y. Nov.17, 2011).

A request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1). See Razzoli v. U.S. Parole Comm'n, No. 10-CV-1842, 2010 WL 5027548, at *2 (E.D.N.Y. Dec. 2, 2010); Tarafa v. Artus, No. 10-CV-3870, 2010 WL 2545769, at *1 (S.D.N.Y. June 9, 2010). When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010) (internal citation and quotation marks omitted); see also Leftridge v. Conn. State Trooper Officer No. 1283, 640 F.3d 62, 68–69 (2d Cir. 2011) (holding that a motion for appointment of counsel is properly denied if the litigant's "chances of success are highly dubious"); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (holding that "the district judge should first determine whether the indigent's position seems likely to be of substance"). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

If the Court finds that the applicant's claim is of substance, it should next consider the following factors: "the indigent's ability to investigate the crucial facts, whether conflicting

evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."  Hodge, 802 F.2d at 61–62; see also Carmona, 243 F.3d at 632 ("Only after an initial finding that a claim is likely one of substance" should the court "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute.").  However, those factors are not restrictive and "[e]ach case must be decided on its own facts."  Hodge, 802 F.2d at 61.

The appointment of counsel is not warranted in this case since, among other things: (1) petitioner's claims seem unlikely to be of substance given that his conviction became final in 2004 and the petition was filed in 2017; (2) petitioner has adequately and competently set forth his claims in his petition; and (3) there is no special reason to appoint counsel.  Accordingly, petitioner's request for the appointment of counsel is denied.

### III. Conclusion

For the reasons stated above, the petitioner's application for the appointment of pro bono counsel is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**              _/s/ JMA_____
                             Joan M. Azrack
                             United States District Judge

Dated: September 29, 2017
       Central Islip, New York